PENELOPE SMITH v. REUBEN ANDERSON.

One who is administering on an estate, and who has brought suit in his individual capacity, may by amendment make himself a party plaintiff in his representative character, if the estate he represents has an interest in the recovery sought.

ERROR from Robertson. Tried below before the Hon. Charles A. Frazer.

This suit was brought in June, 1853, by Penelope Smith, to recover a number of slaves from Reuben An-

derson. Anderson asserted title to the slaves, and plead that he had purchased them from James B. Smith, deceased (who was Penelope Smith's husband), in his lifetime. He asked that the representatives of James B. Smith be made parties.

The suit was originally brought by Mrs. Smith in her own right; after the filing of Anderson's answer, she amended her pleading, alleging the issuance of letters of administration to herself on her deceased husband's estate, and prayed to be admitted a party plaintiff, as administratrix.

After several mistrials, the defendant filed the exceptions to Mrs. Smith's amended petition, for the following causes :

" 1. The plaintiff seeks to change the nature and character of the parties.

" 2. The plaintiff is barred from claiming in her amended petition as administratrix of J. B. Smith.

"3. Plaintiff does not show that she is the legal administratrix."

The exceptions to the amended answer were sustained. Reuben Smith and Mrs. Delespine, after releasing all interest in the property involved, were introduced as witnesses, and their testimony excluded, for what cause does not appear.

The court instructed the jury that Mrs. Smith could not recover in her representative capacity as administratrix of the estate of her deceased husband.

The record is quite voluminous, presenting a number of questions which were ably argued in the briefs on file ; but they have been, as stated by the court, all settled in other causes since the decision of this case in the court below.

*Brittell & Hamman*, for plaintiff in error.

*Oldham & Davis*, for defendant in error.

WALKER, J.—However much of the original import-
ance attaching to this suit may have been lost by lapse
of time and the events of the war, we find it necessary
to reverse and remand the case for at least two errors ap-
parent upon the record.

It was error for the court to rule out the evidence of
Mrs. Delespine and Reuben Smith. They had no disqual-
ifying interest in the event of the suit.

It was also error to sustain the very vague and uncer-
tain exceptions to the amended petition. Having brought
the suit in her own name, it was not error for the plaintiff
to join herself as party plaintiff in her capacity as ad-
ministratrix, especially as the defendant had virtually
prayed that she be made a party as administratrix, or
that Jas. B. Smith's administrator be made a party.

Any fraud in the sale of the negroes would vitiate the
sale; but fraud must be proved clearly—it will not be pre-
sumed.   And unless parties competent to consent did
consent to the sale of the negroes, the sale was void.
The jury should weigh the circumstances of the sale and
all the facts connected with it, in order to determine
whether it was a fraud upon the rights of Mrs. Smith or
the estate of her intestate.

There are many interesting questions presented on this
record, but subsequent decisions have settled them all,
and we do not think it necessary to make further com-
ment on them.

The judgment of the District Court is reversed and the
cause remanded.

REVERSED AND REMANDED.