## JAMES HANLIN v. WM. O. BAXTER.

1. PARTIES PLAINTIFF; *Substitution; Amendment; Power of Justice.* A justice of the peace has the power, in the furtherance of justice, to permit the amendment of a bill of particulars by striking out the name of a party plaintiff and substituting the name of another party as plaintiff; and when the grounds of such amendment are not disclosed in the record, no error lies on account thereof.

2. —— —— *Correcting Judgment; Name of Party.* A justice may correct the entry of judgment by substituting the name of the party in whose favor the verdict was returned and in whose name the proceedings are had in place of another name erroneously entered therein.

### *Error from Cowley District Court.*

ACTION originally commenced in the name of John B. Baxter against *Hanlin* before a justice of the peace for the recovery of damages alleged to have been done by *Hanlin's* cattle on certain described real estate. The bill of particulars did not allege to whom said real estate belonged, or who had been injured thereby. Summons was issued and served on *Hanlin*, who appeared before said justice at the hour set for the trial. A jury was demanded, duly summoned, and accepted. At this point in the proceeding, John B. Baxter asked and obtained leave to substitute *William O. Baxter* as plaintiff in his stead. Such amendment was made, and on further leave the bill of particulars was amended by alleging that *Wm. O. Baxter* was the owner of the real estate mentioned. To the substitution of *William O.* in the place of John B., and to the amending of the bill of particulars, *Hanlin* objected, and excepted. The jury returned a verdict against *Hanlin* and in favor of *William O. Baxter*, assessing his damages at five dollars; but the justice in entering the judgment in his docket entered it in favor of John B. Baxter, and against *Hanlin*, for five dollars and costs. *Hanlin* filed a motion to vacate this judgment, and for a new trial. *Wm. O. Baxter* appeared to and resisted said motion, and moved that said judgment be amended by erasing therefrom the

name of John B. and inserting therein instead, the name of *Wm. O. Baxter,* which motion was sustained. *Hanlin* thereupon removed the case to the district court by petition in error, and such court, at the May Term 1877, affirmed the justice's proceedings and judgment. *Hanlin* now brings the case here for review.

*Hackney & McDonald,* for plaintiff in error.
*E. S. Torrance,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: An action was commenced before a justice of the peace in the name of John B. Baxter, to recover of plaintiff in error, defendant below, damages done by the cattle of the latter trespassing on certain specified premises. When the case was called for trial, plaintiff obtained leave to amend his bill of particulars by substituting the name of Wm. O. Baxter as plaintiff, and adding an allegation that the latter was the owner of the premises upon which the trespass was committed. Upon what showing this amendment was allowed, does not appear, the record simply reciting that the court was "satisfied by proof that said amendment should be allowed." It would seem probable, from the form in which an entry of judgment was thereafter made, that John B. Baxter was the agent of Wm. O. Baxter; but this is a mere surmise. Of course, the question then, as presented to us, is one simply of power in the justice. Can a justice under any circumstances permit such an amendment? It may be remarked, that as no change was made in the allegation of the date of the trespass, or the premises upon which the trespass was committed, the cause of action was apparently the same, and the only change was that a different party was presented as entitled to recover for the damages done. It may be conceded that the circumstances are rare which will justify such an amendment; but that the power to make it exists, must we think also be conceded. The authorities seem to warrant this. In *Tayon v. Laden,* 33 Mo. 205, a mother was substi-

tuted for her daughter as plaintiff, it appearing that at the time suit was brought it was supposed that the mother was dead, and the suit had been brought in the name of the daughter as heir.   In *Ansonia India Rubber Co. v. Wolf*, 1 Handy, 236, the suit was brought in the name of A. for the use of B., and afterward B. was substituted as plaintiff. In *Clawson v. Cone*, 2 Handy, 67, the suit was brought in the name of the payee of the note, but it appearing that prior to its commencement the note had been transferred, leave was given to substitute as plaintiff the real owner.   In *Price v. Wiley*, 19 Texas, 142, suit was in the name of the agent, and afterward the principal was substituted as plaintiff.   In *Dixon v. Dixon*, 19 Iowa, 512, the firm was substituted for a single member thereof as plaintiff.   See also, *Martel v. Somers*, 26 Texas, 551 ; *Smith v. Anderson*, 39 Texas, 496 ; *Hubler v. Pullen*, 9 Ind. 273.   Our own statute of amendments in terms authorizes the "adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect." Gen. Stat. 655, § 139.   See also, of our own decisions, *Dewey v. McLain*, 7 Kas. 126 ; *Stevens v. Thompson*, 5 Kas. 305 ; *National Bank v. Tappan*, 6 Kas. 456, 469 ; *City of Atchison v. Twine*, 9 Kas. 350.   This disposes of really the only serious question in the case, for changing the name of the party plaintiff in the judgment was only correcting a clerical mistake, and making the judgment conform to the pleadings and verdict.

Upon the record as it stands we see no error, and the judgment must be affirmed.

All the Justices concurring.