THE PAOLA TOWN COMPANY v. WILLIAM G. KRUTZ.

1. CORPORATION, *Dissolution of; Trustees of; Powers.* Upon the dissolution of any corporation already created, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, are the trustees of the creditors and the stockholders of the corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; and for this purpose they may maintain or defend any judicial proceeding. (Comp. Laws 1879, ch. 23, § 42.)

2. —————— *Suit, How Entitled.* In an action brought under the above section of the statute by the sole manager of a corporation, after its dissolution, to recover the debts and property of the dissolved corporation, the suit must be entitled in the name of such manager of the late corporation, and not in the corporate name of the dissolved corporation.

3. PRACTICE; *No Error.* Where an action is commenced by the sole manager of a corporation, in its corporate name, after its dissolution, to recover certain debts and property of the dissolved corporation, *held,* not error for the district court to permit an amended petition to be filed, showing the expiration of the life of the corporation, its date of dissolution, and the name of its sole manager at the time of such dissolution.

4. ———— *Practice.* Upon the filing of such amended petition, the action must be continued in the name of the manager of the late corporation, to correspond with the allegations of the amended petition.

### *Error from Miami District Court.*

AT the February Term, 1879, the district court sustained a demurrer to the amended petition filed by the *Paola Town Company* against *Krutz,* and gave judgment accordingly for the defendant, and against the plaintiff *Town Company,* which brings the case here. The opinion has a sufficient statement of the facts.

*Simpson & Brayman,* and *W. R. Wagstaff,* for plaintiff in error.

*Sperry & Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the second time that this case has been in this court. (*Krutz v. Paola Town Company,* 20 Kas. 397.) Upon the return of the case to the court below, and after judgment of reversal had been entered, the plaintiff, with leave of the court, filed an amended petition. To this the defendant demurred. The court sustained the demurrer, and the plaintiff brings the case here. Different questions are submitted for our determination than when the case was considered on the former occasion. Then the principal question involved was, whether "The Paola Town Company" had any legal corporate existence at the time this suit was commenced. We decided adverse to the legal existence of the corporation, and also held that the defendant Krutz was not precluded by his conduct from interposing as a defense, the non-existence of

the plaintiff as a corporation, and its incapacity to maintain the action.

The material amendments to the original petition are, that the last corporate election of the company was held in June, 1858; that thereafter the officers held over to the expiration of the charter and the dissolution of the corporation; that the charter expired in 1865; that at the time of its dissolution, W. R. Wagstaff was the secretary and sole manager of the affairs of the corporation; that the company was greatly indebted for taxes and on other account; that no distribution of any of the assets of the corporation had been made among the stockholders; that owing to the fraudulent conduct of said Krutz, in refusing to pay over the proceeds of sales of lots in his hands belonging to the late corporation, no distribution of its money or other property could be made—at least, none could be made until a recovery was had of the defendant. The allegations that the manager of the corporation had the right to describe the suit by the name of the corporation, may be treated as mere surplusage. At most, these are statements of assumed or supposed conclusions of law.

The amended petition also states, that at the time the action was commenced, the stock of the town company was held as follows:

| | |
|---|---:|
| John M. Ellis, 1 share, | $500 |
| J. L. Hobson, administrator of A. T. Ward, 4 shares, | 2,000 |
| J. B. Hobson, 1¼ shares, | 625 |
| Wm. G. Krutz, 18 shares, | 9,000 |
| W. R. Wagstaff, 47¾ shares, | 23,875 |
| Total, 72 shares, | $36,000 |

These amendments to the original petition, and the other allegations added, state sufficient facts under the statute to constitute a cause of action in favor of W. R. Wagstaff, as manager of the late Paola town company, against the defendant. Sec. 30, ch. 23, Comp. Laws 1879, provides that "all bodies corporate may sue for, recover and receive from their respective members, all arrears or other debts, dues and

other demands, which now are or hereafter may be owing to them, in like mode, manner and form, as they might sue for, recover and receive the same from any person who might not be one of their body."

And § 42 of the same chapter further provides that, "upon the dissolution of any corporation already created by or under the laws of this state, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation, at the time of its dissolution, as far as such money and property will enable them; and for this purpose they may maintain or defend any judicial proceeding."

Within the very words of the latter section, upon the dissolution of the Paola town company, in the absence of the appointment of a receiver, the relation of W. R. Wagstaff, the sole manager of the affairs of the corporation, to the creditors and stockholders, was that of trustee, with the power on his part to settle the business of the corporation, to collect and pay its debts, and finally to divide the moneys and other property among the stockholders. To successfully accomplish all this, as sole manager, the said Wagstaff had the additional authority to maintain an action of the character set forth in the amended petition. The only defect in the petition — unless we style as defects its unnecessary prolixity and the alleged conclusions of law therein set forth — is found in the name of the party plaintiff. The plaintiff is denominated "The Paola Town Company." In the body of the petition the expiration of the existence of the corporation is stated, its date of dissolution specified, its manager at the time of its dissolution named, and his relation to the late cor-

poration fully described. The name of the party plaintiff, therefore, to correspond with the allegations of facts in the petition, should be "W. R. Wagstaff," as manager of the late corporation known and designated as "The Paola Town Company." The demurrer did not reach the caption of the petition, and therefore the name of the party plaintiff can be corrected.

The only question remaining is, whether the district court committed error in permitting the amended petition to be filed. We think not. Sec. 139 of the code evidently contemplates all such amendments as are clearly in furtherance of justice, and consistent with the rights of all parties interested. The theory of our system of practice under the code is founded upon the leading idea that the action once pending shall not be permitted to fail, if by amendment any defects or omissions in the pleading can be remedied. In the *City of Atchison v. Twine*, 9 Kas. 350, the action was originally brought in the name of Eliza Ann Johnson, the widow of George Johnson, deceased. This was improper, as the said party had no legal right to bring the action. Afterward, William M. Twine, as administrator of the estate of George Johnson, deceased, was substituted as plaintiff, instead of Eliza Ann Johnson. In that case it was said, "the court very properly permitted an amendment making the administrator the plaintiff." That the authorities justify the amendment, see *Hanlin v. Baxter*, 20 Kas. 134, and the many cases there cited.

We have not thought it necessary to discuss all the questions presented in the voluminous briefs of the counsel for the plaintiff in error, because the conclusions we have reached permit the manager of the late corporation to obtain, under the amended petition, as treated and interpreted by us, all the benefits which could be derived, had we held that the suit was maintainable simply in the name of the defendant corporation.

The judgment of the district court will therefore be reversed, and the case remanded with direction to permit the

name of the plaintiff to be corrected to conform to the allega-
tions of the petition, and thereon to overrule the demurrer
of the defendant.

All the Justices concurring.