C. B. HAVENS & COMPANY, APPELLEE, v. COLONIAL APARTMENT HOUSE COMPANY ET AL., APPELLANTS.

FILED JANUARY 29, 1915. No. 17,903.

1. **Corporations: RIGHT TO SUE: FORFEITURE OF CHARTER.** After the charter of a corporation has been forfeited, under the act of 1909, for nonpayment of the occupation fee, an action cannot be prosecuted in the corporate name. Laws 1909, ch. 25.

2. ————: ————. The provisions of the general corporation law, authorizing dissolved corporations to sue in the corporate name, do not apply to a corporation whose charter has been forfeited, under the act of 1909, for nonpayment of the occupation fee. Comp. St. 1909, ch. 16, secs. 62, 67, 68; laws 1909, ch. 25.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*J. W. Woodrough* and *Crane & Boucher,* for appellants.

*D. L. Johnson* and *H. S. Daniel, contra.*

ROSE, J.

This is a suit on a promissory note for $5,483.85, dated November 9, 1910, and due May 9, 1911. Plaintiff, C. B. Havens & Company, a domestic corporation, is payee. Colonial Apartment House Company, defendant, is maker. Defendants Edwin S. Rood and Thomas D. Crane are sued as indorsers. The principal defense pleaded is the incapacity of plaintiff to maintain the action, on account of the forfeiture of its charter for failure to pay an occupation fee. From a judgment in its favor for $4,868.28, defendants appeal.

Is incapacity of plaintiff to maintain the action established as a defense? Its occupation fee for the year ending June 30, 1910, was not paid, and for that reason the governor by proclamation declared its charter forfeited November 30, 1910. The original petition in the case was filed May 19, 1911, and the judgment was rendered June 29, 1912. The act under which the forfeiture was declared was passed in 1909. Laws 1909, ch. 25. It forbids a corporation "to do business by virtue of its charter" without an occupation permit; requires payment of an annual fee as a condition of exercising corporate powers; provides for notice and for forfeiture of the charter by proclamation of the governor for nonpayment of the fee; orders a public record of forfeitures and declares:

"It shall be unlawful for any corporation, delinquent under this act, either domestic or foreign, which has not paid the occupation fee, together with the penalty for such

delinquency, as in this act prescribed, to exercise the powers of such corporation, or to transact any business in this state, after the thirtieth day of November next following the delinquency. Each and every person who exercises any of the powers of a corporation so delinquent, either domestic or foreign, which has not paid the occupation fee, together with the penalty for such delinquency, or who transacts any business for or in behalf of any such corporation, after the thirtieth day of November next following the delinquency, shall be guilty of a misdemeanor." Section 8.

"In all cases of forfeiture under the provisions of this act, the directors or managers in office of the affairs of any domestic corporation, whose charter may be so forfeited, or of any foreign corporation whose right to do business in this state may be so forfeited, are deemed to be trustees of the corporation and stockholders or members of the corporation whose power or right to do business is forfeited, and have full power to settle the affairs of the corporation and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations, or to take such legal proceedings as may be necessary to fully settle the affairs of said corporation, and such directors or managers, as such trustees, may be sued in any of the courts of this state by any person having a claim against any of said corporations." Section 9.

The statutory forfeiture not only extends to the right to do business, but makes the exercise of corporate power a misdemeanor. The bringing of a suit in the name of the corporation is an attempt to exercise such power. After the delinquency, "each and every person who exercises any of the powers of a corporation," says the statute, "or who transacts any business for or in behalf of any such corporation," shall be guilty of a misdemeanor. The act, according to its own terms, not only forbids the bringing of a suit in the corporate name after delinquency and forfeiture, but its provisions are self-executing. Defendant argues, however, that a former, unrepealed statute authorizes dissolved corporations to prosecute suits in the

97Neb.41

corporate name.  Comp. St. 1909, ch. 16, sec. 144*m*.  It cannot be denie'd that, under the statute as it existed when the act under consideration was passed, the law was as follows: "A dissolved domestic corporation may, after such dissolution, prosecute any suit in its corporate name in the same manner and with like effect as if the corporation had not ceased to exist."  *Schmitt & Bro. Co. v. Mahoney*, 60 Neb. 20.

As already indicated, the statute, providing for the payment of an occupation fee and for the forfeiture of the charter, contains new and different provisions.  It is an independent act covering the entire subject of legislation and mo'difies former statutory provisions at variance with its terms.  The purpose to take away a dissolved corporation's existing right to sue in the corporate name, after the charter has been forfeited for nonpayment of the occupation fee, is manifest.  The lawmakers have declared that the directors or managers are trustees with power to maintain actions, and that the exercise of corporate powers is a misdemeanor.  These provisions would not have been inserted in the new law had the legislature intended the general statute to apply to the new conditions.  Plaintiff was without capacity to sue or to maintain the action. Identical provisions of a California statute were discussed at length in recent opinions of the supreme court of that state.  *Kaiser Land & Fruit Co. v. Curry*, 155 Cal. 638; *Newhall v. Western Zinc Mining Co.*, 164 Cal. 380.  In the latter case the following language was used: "For that act clearly and unmistakably declares and provides for a forfeiture not dependent upon judicial determination and decree, but a forfeiture which is self-acting and operating. The language of the act does not even permit a doubt upon this question.  It not only declares the day and the hour when the forfeiture shall arise, but it makes it a penal offense for any officer or agent thereafter to exercise any corporate powers on behalf of the corporation, and, finally, it provides that the winding up of the corporate affairs is imposed upon the directors or managers of the corporation who 'are deemed to be trustees of the corporation

and stockholders or members of the corporation whose power or right to do business is forfeited.' These trustees, and not the corporation, may sue or 'may be sued in any of the courts of this state by any person having a claim against said corporation.' * * * It empowers them as trustees to sue and be sued, but not to answer suits in the name of the defunct corporation." The reasoning in similar cases is in harmony with the language quoted. *MacRae v. Kansas City Piano Co.*, 69 Kan. 457; *Venable Bros. v. Southern Granite Co.*, 135 Ga. 508; *Hawley v. Bonanza Queen Mining Co.*, 61 Wash. 90.

Plaintiff cites a federal decision under a New Jersey statute, but it is distinguishable on account of differences in statutory provisions. *Harris-Woodbury Lumber Co. v. Coffin*, 179 Fed. 257.

Since plaintiff had no authority to maintain the action, the trial court erred in rendering judgment in its favor. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., SEDGWICK and HAMER, JJ., not sitting.