WEEKES GRAIN & LIVE STOCK COMPANY ET AL., APPEL-
LANTS, V. WARE & LELAND, APPELLEES.

FILED DECEMBER 3, 1915.    No. 18486.

1.  Corporations: FORFEITURE OF CHARTER: RIGHT TO SUE. "After the
    charter of a corporation has been forfeited, under the act of
    1909, for nonpayment of the occupation fee, an action cannot be
    prosecuted in the corporate name. Laws 1909, ch. 25." *Havens &
    Co. v. Colonial Apartment House Co.*, 97 Neb. 639.

2.  ——: ——: ——: AMENDMENT OF PETITION: PARTIES. A
    mistake in beginning an action in the name of a domestic corpora-
    tion after its charter has been forfeited for nonpayment of an
    occupation fee may be corrected by an amended petition show-
    ing that the managing officers or directors, as trustees, are plain-
    tiffs.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Reversed.*

*Sutton, McKenzie, Cox & Harris,* for appellants.

*Smyth, Smith & Schall* and *William A. Bowles, contra.*

ROSE, J.

This action was instituted by the Weekes Grain & Live
Stock Company, plaintiff, to recover from defendants
damages in the sum of $23,062.50 for breach of a con-
tract of agency. Plaintiff was a domestic corporation,
and filed its petition in its corporate name after its charter
had been forfeited for nonpayment of the occupation fee
imposed by statute. Laws 1909, ch. 25. Later William
B. Weekes and Edgar T. Weekes, as managing officers,
attempted to become plaintiffs by means of an amended
petition containing, in addition to the facts originally
pleaded, allegations that: "The charter of the Weekes
Grain & Live Stock Company was forfeited under and by
virtue of the laws of the state of Nebraska for the nonpay-
ment of the corporation tax; that the debt and obligation
herein sued on accrued to the said corporation prior to

the dissolution of the same; that this action is brought by the Weekes Grain & Live Stock Company, a dissolved corporation, for the purpose of winding up its affairs, and by the plaintiffs, William B. Weekes and Edgar T. Weekes, as the managing officers of said corporation at the time its charter was forfeited for the nonpayment of said corporation tax." On objections to jurisdiction, the trial court held that the action was not maintainable in the name of the corporation, and that its managing officers could not be made plaintiffs by amending its petition. A dismissal followed, and the managing officers have appealed.

In holding that the corporation was without capacity to sue, after the forfeiture of its charter, the trial court observed the following rule: "After the charter of a corporation has been forfeited, under the act of 1909, for nonpayment of the occupation fee, an action cannot be prosecuted in the corporate name. Laws 1909, ch. 25." *Havens & Co. v. Colonial Apartment House Co.*, 97 Neb. 639.

This is a harsh, technical rule resulting from a forfeiture made imperative by legislation as judicially construed. The statute makes a distinction between a corporation forfeiting its charter for nonpayment of a fee and other corporations abandoning or losing a charter for other reasons. The latter may sue in the corporate name after dissolution. Rev. St. 1913, sec. 555. *Schmitt & Bro. Co. v. Mahoney*, 60 Neb. 20. When the present suit was brought, the rule quoted had not been adopted. Who should be plaintiff in such a case was then a doubtful question. In any event the relief sought is the same. Defendants are called to answer for the same liability, whoever is plaintiff. In such a situation a rule preventing the managing officers from becoming plaintiffs by amendment, after defendants have appeared in response to a summons issued on a petition drawn and filed in the corporate name, should not be adopted unless demanded by the law.

Defendants justify the dismissal on the grounds that the proceedings instituted by the dissolved corporation are void and that therefore the petition is not amendable. It must be conceded that the argument in favor of these propositions is formidable, and that the position taken is not without support in adjudicated cases. The determination of the question, however, depends upon the proper interpretation of the Code as applied to the facts pleaded in the amended petition. The code provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect or by inserting other allegations material to the case." Rev. St. 1913, sec. 7712.

Defendants argue that this section does not authorize an amendment substituting a new plaintiff, where the action was commenced in the name of a dissolved corporation. Among the cases sustaining the position thus taken is *Proprietors of the Mexican Mill v. Yellow Jacket Silver Mining Co.,* 4 Nev. 40. There the plaintiffs were styled: "The plaintiffs, the proprietors of the Mexican Mill, a copartnership, doing business in that name in the county of Ormsby, state of Nevada." The Nevada statute relating to amendments was similar to that quoted. Leave to amend was denied, the court saying: "The very first step towards the commencement of a civil action or proceeding is the filing of a complaint, in which it is indispensable that there be shown a plaintiff and a defendant, and without which it is an absolute nullity, and renders void all subsequent proceedings had under it. In this instance no person, natural or artificial, is named as plaintiff; and if an amendment were allowed to supply the omission the effect of such amendment would necessarily be to make a plaintiff where there was none such at the inception of the action."

A more liberal interpretation, however, was adopted in *Omaha Furniture & Carpet Co. v. Meyer,* 80 Neb. 769. Henry J. Abrahams was doing business under the name of "Omaha Furniture & Carpet Company" and commenced an action in his trade name. An amendment was allowed substituting "Henry J. Abrahams" as plaintiff. This was held proper under the statute quoted.

Under a similar Kansas statute it was held proper to permit a petition, filed in the name of a dissolved corporation by its sole manager, to be amended to show the dissolution of the corporation and the substitution of the managing director as plaintiff. *Paola Town Co. v. Krutz,* 22 Kan. 725. In the case last cited the supreme court of Kansas said: "The only question remaining is whether the district court committed error in permitting the amended petition to be filed. We think not. Section 139 of the Code evidently contemplates all such amendments as are clearly in furtherance of justice, and consistent with the rights of all parties interested. The theory of our system of practice under the Code is founded upon the leading idea that the action once pending shall not be permitted to fail, if by amendment any defects or omissions in the pleading can be remedied."

The views thus announced are in harmony with expressions of opinion in cases cited by Judge Brewer in *Hanlin v. Baxter,* 20 Kan. 134. The conclusion of the supreme court of Kansas seems to be warranted by the letter and spirit of the Code, though the court commission, in *Weaver v. Young,* 37 Kan. 70, appears to have had some misgiving on the subject, as indicated by the following language found in the report of that case: "We must confess that, if this question were now presented to the court for the first time, we would have great difficulty in controlling the argument, and resisting the authorities cited by counsel for the plaintiff in error. The line of decision heretofore made by the court on this question is broad

enough to embrace the amendment made in this case, and there is no error in the district court permitting it."

This doubt does not appear to be shared by the supreme court of Kansas. In *Service v. Farmington Savings Bank,* 62 Kan. 857, it was said: "Great latitude is given to the trial court in the matter of the amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice. Our statute in terms authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any respect.  *  *  *  While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court, under the plain provisions of the Code, and *Weaver v. Young,* 37 Kan. 70, is directly in point and settles the question in favor of the substitution.  *  *  *  Cases are cited from other states holding adversely to such amendments, but our statute and the cases interpreting it completely cover the present action, and a review of other cases, based on other statutes, would be without profit."

The proceedings are not void in the sense that the petition cannot be amended to allow the proper parties to maintain the action. For the reasons stated, the amendment should have been allowed. Complaint is made because the title does not show that the new plaintiffs are managing directors and trustees of the dissolved corporation, but this is an amendable defect. *Paola Town Co. v. Krutz,* 22 Kan. 725.

For the error pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.