NEBRASKA CENTRAL BUILDING & LOAN ASSOCIATION, APPELLEE, v. YELLOWSTONE, INC., ET AL., APPELLEES: STATE OF NEBRASKA, APPELLANT.

299 N. W. 474

FILED AUGUST 1, 1941. No. 31177.

*Walter R. Johnson, Attorney General,* and *Robert A. Nelson,* for apellant.

*Field, Ricketts & Ricketts, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

The question is presented to this court for the first time, where a corporation had been dissolved by the secretary of state, in accordance with section 24-1722, Comp. St. 1929, and a notation made in his corporation records that such corporation is dissolved for nonpayment of occupation tax, can the state collect taxes for subsequent years? The state claims that, after such dissolution, corporation taxes are due for all years up to and including 1940, in the sum of $5.75 per annum, or a total of $51.75. The trial court found for the plaintiff, and decided that there was but $5.75 due for the one year of 1932, and that this amount was a prior lien to the plaintiff's mortgage.

The plaintiff alleged that the Yellowstone, Inc., executed

a mortgage to the plaintiff and appellee on an apartment house in Lincoln on August 14, 1931, for $7,000, the mortgage covering lot 11, block 3, Woodsview addition to Lincoln, Nebraska; that a foreclosure proceeding was brought thereon, and a decree entered for the amount due of $7,524, with interest at 10 per cent. from June 7, 1938. Thereafter a title examiner raised the question whether or not the Yellowstone, Inc., was a dissolved corporation, and whether the lien of the state of Nebraska for unpaid corporation taxes was outstanding, and to clear the title this second foreclosure action was brought, and the state of Nebraska was made a party, the purpose of the foreclosure being to clear the title of the lien for corporation taxes.

The state of Nebraska filed an answer, in which it set up its liens for the years 1932 to 1940, inclusive, in the amount of $5.75 per annum, or a total of $51.75, and alleged that the lien therefor was prior to any right, title or interest of plaintiff, and is subject only to the state, county, and municipal taxes. Comp. St. 1929, sec. 24-1722.

To this, the plaintiff filed a reply, admitting that the corporation occupation taxes for the years 1932 and 1933 are a prior lien against the mortgaged premises, but specifically denying that any occupation taxes are due and owing to the state of Nebraska for the years 1934 to 1940.

After briefs were filed and arguments made, the trial court found that all defendants defaulted except the state of Nebraska; that the mortgage was duly executed; that a previous foreclosure has been had, and that constructive service has been had upon all of the defendants, in accordance with the provisions of section 24-113, Comp. St. Supp. 1937.

The court finds that the merchantability of the plaintiff's title under the foreclosure above mentioned, which was concluded according to law, has been questioned on the ground that the secretary of state had no power to legally dissolve the corporation for nonpayment of occupation taxes, but had authority only to suspend its activities during the period of tax default.

The trial court also found that the last annual report filed by the Yellowstone, Inc., was filed in the office of the secretary of state on January 15, 1931, showing the shares of capital stock outstanding and the ownership thereof, and that there was due to the state of Nebraska delinquent occupation tax for the year 1932, which is a prior lien upon the above described real estate, and that the secretary of state of Nebraska duly dissolved said corporation according to law.

The court concludes that there is due the state of Nebraska for the year of 1932 the sum of $5.75 only, and directs that, in default of the payment thereof, the mortgaged premises be sold.

The state of Nebraska filed a motion for new trial, giving eight errors for a reversal, and it is principally presented in this court on the ground that the judgment of the court is contrary to law. The state of Nebraska maintains that, when the secretary of state makes the entry that a corporation is dissolved under section 24-1722, Comp. St. 1929, it is not absolutely dissolved, but that a *quo warranto* action must be brought by the attorney general, as provided in section 24-1717, Comp. St. 1929, before the corporation is absolutely dissolved; that these two statutory provisions must be construed together, and that it appears that it was the intention of the legislature that the entry by the secretary of state on the corporate records of his office did not work an absolute dissolution of the corporation, but that this could only be had after a judicial determination in an action brought by the attorney general, as provided by section 24-1717, Comp. St. 1929, or by the voluntary act of the stockholders.

We are cited to the case of *State v. Sperry & Hutchinson Co.*, 94 Neb. 785, 144 N. W. 795, in which this court held that, when a corporation had been declared delinquent, it could be reinstated if it paid the secretary of state the full amount of his fee and a penalty demanded by him, and it is argued that the dissolution by the secretary of state is not, therefore, an absolute dissolution, but merely a sus-

pension of the corporation's right to perform corporate functions until such time as a reinstatement takes place, as it is a general law that forfeitures are not favored in law, but this was allowable only by the specific terms of section 4261, Cobbey's Ann. St. 1911, which section has now been repealed.

"The intent of the legislature to so terminate the corporate charter must be very plainly expressed in the statute. It may not be enough to merely state that the delinquent corporation's charter shall be void, or that its default shall operate as a revocation or annulment of its charter, or to employ other terms which, at best, disclose a legislative purpose to make a failure to report or to pay the corporation fees a ground for a judicial or administrative declaration of forfeiture." 16 Fletcher, Cyclopedia of Corporations, 750, sec. 7997.

In the case of *State v. Sperry & Hutchinson Co., supra,* it was found that the corporation had done business three years without paying any tax, and it thereupon paid the tax to the secretary of state for each year it was delinquent, and while it paid less than the correct amount, it was held that fact would not sustain a judgment of ouster against the corporation.

This decision was entered in 1913, under the law then in force, to wit, section 4261, Cobbey's Ann. St. 1911, but that law, passed in 1909, has been repealed, and that particular provision is not in the present law.

The case of *Havens & Co. v. Colonial Apartment House Co.,* 97 Neb. 639, 150 N. W. 1011, involved the construction of the occupation tax act of 1909, as did the case of *Weekes Grain & Live Stock Co. v. Ware & Leland,* 99 Neb. 126, 155 N. W. 233. Under the law as it then existed, it was the duty of the governor of the state by proclamation to declare that the charter of such delinquent corporation shall be forfeited unless the payment of said occupation tax should be made by a date certain.

Now, in reference to the claim of the state that section 24-1717, Comp. St. 1929, provides that the attorney gen-

eral may bring an action to forfeit the charter of a corporation, it appears to us that that section is only applicable in a case where the failure to pay this corporation tax is wilful and intentional, and such cases would rarely arise, but those appear to be the only kind of cases to which this section refers.

If the secretary of state has declared the corporation dissolved, how can the state assess any taxes after it has denied the corporation the right to do any business? See *Hurd v. Meyer*, 259 Mich. 190, 242 N. W. 882.

An examination of the present law, as found in section 24-1722, Comp. St. 1929, shows that it provides: "Upon the failure of any domestic corporation to pay its occupation tax within ninety days after the mailing of the registered letter correctly addressed to the last known address of the corporation, the secretary of state shall dissolve the corporation and make such entry and showing upon the records of his office."

We find that no lien attaches for any year except 1932, and the judgment of the trial court was right, and is hereby

AFFIRMED.