STATE OF MINNESOTA

IN SUPREME COURT

A22-1010

Original Jurisdiction

Per Curiam
Took no part, Hennesy, J.

In re Petition for Disciplinary Action against
James V. Bradley, a Minnesota Attorney,
Registration No. 0392102.

Filed: June 12, 2024
Office of Appellate Courts

_____

Susan M. Humiston, Director, Timothy M. Burke, Senior Assistant Director, Office of
Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

James V. Bradley, Bloomington, Minnesota, pro se.

_____

S Y L L A B U S

Absent any mitigating factors, disbarment is the appropriate discipline for an
attorney who misappropriates client funds, commits fraud on the court, neglects—and
ultimately abandons—his role as a court-appointed parenting consultant, fails to maintain
trust account books and records, and fails to cooperate with the disciplinary investigation.

Disbarred.

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for disciplinary action against respondent James V. Bradley. The petition alleged that Bradley committed numerous acts of professional misconduct, including misappropriating client funds, committing fraud on the court, neglecting—and ultimately abandoning—his role as a court-appointed parenting consultant, failing to maintain trust account books and records, and failing to cooperate with the disciplinary investigation. Bradley received a copy of the petition via certified mail but did not respond, so we deemed the allegations admitted and allowed the parties to file memoranda on the appropriate discipline. Bradley did not file a memorandum or appear at oral argument. The Director asserts that the appropriate discipline is disbarment. We agree. Based on Bradley's misconduct and the absence of any mitigating factors, we disbar Bradley from the practice of law.

## FACTS

Bradley was admitted to practice law in Minnesota in 2011. Until November 2020, Bradley practiced family law at a law firm. On July 20, 2022, the Director filed a petition for disciplinary action against Bradley, alleging numerous violations of the Minnesota Rules of Professional Conduct. After the Director was unable to personally serve Bradley, we granted the Director's application for suspension and gave Bradley a year to file a motion to vacate the suspension and seek leave to answer the petition. *See* Rule 12(c)(1), Rules on Lawyers Professional Responsibility (RLPR). Because Bradley failed to move

this court to vacate the order of suspension within a year, we deemed the allegations in the petition admitted. *See* Rule 13(b), RLPR. The admitted allegations of misconduct are summarized as follows.

Bradley misappropriated funds from one client, violating Minn. R. Prof. Conduct 8.4(c).[1] The client was entitled to an $8,442.23 judgment following a marital dissolution proceeding, which Bradley received from counsel for the client's former spouse and deposited into his firm's trust account. Bradley did not disburse any of these funds to the client and instead used the funds for purposes unrelated to the client's representation, including for his own personal benefit. Bradley also failed to properly maintain trust account books and records for his law firm, violating Minn. R. Prof. Conduct 1.15(h).[2] Due to Bradley's failure to maintain all required books and records, the Director was unable to fully audit the trust account and could not determine precisely when Bradley transferred this client's money out of the trust account and the exact amount of client funds that were misappropriated.

In addition, Bradley committed fraud on the court during his own marital dissolution proceeding by making false statements related to a judgment and decree and defying

---

[1] *See* Minn. R. Prof. Conduct 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").

[2] *See* Minn. R. Prof. Conduct 1.15(h) ("Every lawyer engaged in private practice of law shall maintain or cause to be maintained on a current basis, books and records sufficient to demonstrate income derived from, and expenses related to, the lawyer's private practice of law . . . ."); *see also* Minn. R. Prof. Conduct app. 1 (describing the "books and records" required by Rule 1.15(h)).

district court orders, violating Minn. R. Prof. Conduct 3.3(a)(1),[3] 3.4(c),[4] and 8.4(c) and (d).[5] Bradley also failed to adequately communicate with the parties in a family law matter after becoming a court-appointed parenting consultant, and he abandoned that appointment without notice, violating Minn. R. Prof. Conduct 8.4(d). And Bradley failed to cooperate with the Director's disciplinary investigation, violating Minn. R. Prof. Conduct 8.1(b)[6] and Rule 25, RLPR.[7]

After we deemed the allegations in the petition admitted, we allowed the parties to submit memoranda detailing the appropriate discipline for Bradley's misconduct. Bradley did not submit a memorandum and failed to appear at oral argument.

## ANALYSIS

Because the allegations in the petition are deemed admitted, the only issue remaining before us is the appropriate discipline for Bradley. *See In re Gorshteyn*, 931

---

[3]    *See* Minn. R. Prof. Conduct 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal, or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . .").

[4]    *See* Minn. R. Prof. Conduct 3.4(c) ("A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists . . . .").

[5]    *See* Minn. R. Prof. Conduct 8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice . . . .").

[6]    *See* Minn. R. Prof. Conduct 8.1(b) ("[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority . . . .").

[7]    *See* Rule 25, RLPR ("It shall be the duty of any lawyer who is the subject of an investigation or proceeding . . . to cooperate with . . . the Director, or the Director's staff . . . by complying with reasonable requests . . . .").

N.W.2d 762, 769 (Minn. 2019) (considering only the appropriate discipline to impose when the attorney did not respond to the Director's petitions). Citing to Bradley's admitted disciplinary violations, including (1) misappropriation of client funds without making restitution or providing mitigating circumstances, (2) commission of fraud on the court and knowingly failing to obey a court order, (3) neglect of a client matter, (4) failure to maintain required trust account books and records, and (5) failure to cooperate with the Director's investigation, the Director asks us to disbar Bradley "to protect the public, deter future misconduct, and remain consistent with the Court's prior cases."

"We have the ultimate responsibility for determining what discipline should be imposed for attorney misconduct." *Id.* at 770 (citing *In re Matson*, 889 N.W.2d 17, 23 (Minn. 2017)). The purpose of attorney discipline "is not to punish the attorney but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Rebeau*, 787 N.W.2d 168, 173 (Minn. 2010).

To determine the appropriate discipline, we consider four factors: (1) the nature of the misconduct; (2) the cumulative weight of the violations; (3) the harm to the public; and (4) the harm to the legal profession. *In re Kleyman*, 960 N.W.2d 566, 572 (Minn. 2021). We also consider whether any aggravating or mitigating circumstances are present. *Id.* And "although we impose discipline on a case-by-case basis, we look to similar cases for guidance" and to ensure consistency. *In re Capistrant*, 905 N.W.2d 617, 620 (Minn. 2018). We address each of these considerations in turn.

5

We first consider the nature of Bradley's misconduct, the most serious of which is the misappropriation of client funds. Misappropriation alone "usually warrants disbarment absent clear and convincing evidence of substantial mitigating factors." *In re Rhodes*, 740 N.W.2d 574, 579 (Minn. 2007) (citation omitted) (internal quotation marks omitted). Bradley misappropriated one client's funds, though the extent of the misappropriation beyond that instance is unknown.

Bradley also engaged in other serious misconduct. Bradley failed to maintain trust account books and records, such that the Director could not ascertain to which clients the remaining funds in the firm's trust account belonged or at what time the funds misappropriated from the client in the marital dissolution proceeding were withdrawn from the account. *See In re Schulte*, 869 N.W.2d 674, 677–78 (Minn. 2015) ("We have suspended attorneys for trust account violations even when there was no evidence they intended to deceive their clients or that their trust account violations harmed any clients."). In addition, Bradley engaged in dishonest conduct by defying court orders and making false statements to the district court. *See In re Nwaneri*, 896 N.W.2d 518, 525 (Minn. 2017) (explaining that "[h]onesty and integrity are chief among the virtues the public has a right to expect of lawyers" and that making false statements to a court is "significant misconduct" (citation omitted) (internal quotation marks omitted)). And Bradley also failed to cooperate with the Director's investigation. *See Schulte*, 869 N.W.2d at 680 (stating that the lawyer's failure to cooperate with the disciplinary investigation was "particularly serious as it prevented the Director from determining if client funds were at risk").

6

Next, we consider the cumulative weight of Bradley's disciplinary violations. In doing so, we "distinguish between a brief lapse in judgment or a single, isolated incident and multiple instances of misconduct occurring over a substantial amount of time." *In re Igbanugo*, 989 N.W.2d 310, 329–30 (Minn. 2023) (citation omitted) (internal quotation marks omitted). Bradley violated numerous rules of professional conduct over the course of at least 3 years. As a result, Bradley's misconduct was neither "a brief lapse in judgment" nor a "single, isolated incident." *See In re Ulanowski*, 834 N.W.2d 697, 703 (Minn. 2013) (citation omitted) (internal quotation marks omitted).

We also consider the harm that Bradley's misconduct caused to the public, measured, in part, based on "the number of clients harmed [and] the extent of the clients' injuries." *In re Coleman*, 793 N.W.2d 296, 308 (Minn. 2011) (alteration in original) (citation omitted) (internal quotation marks omitted). Bradley's misconduct directly harmed at least one client, who has not received the $8,442.23 to which he is entitled. Bradley's misconduct also harmed an adverse party—his former spouse—and non-client members of the public—the two parties to the family law matter for which Bradley was a court-appointed parenting consultant.

Lastly, we consider the harm to the legal profession caused by Bradley's misconduct. We have recognized that " '[m]isappropriation of client funds, by its very nature, harms . . . the public at large, the legal profession, and the administration of justice.' " *Ulanowski*, 834 N.W.2d at 703 (alterations in original) (quoting *In re Ruttger*, 566 N.W.2d 327, 331 (Minn. 1997)). Making false statements to a district court also harms the legal profession. *In re Sea*, 932 N.W.2d 28, 36 (Minn. 2019). And a failure to

7

cooperate with a disciplinary investigation harms the legal profession. *In re Letourneau*, 792 N.W.2d 444, 453 (Minn. 2011) (finding that non-cooperation "undermine[s] . . . the integrity of the lawyer disciplinary system" (alterations in original) (citation omitted) (internal quotation marks omitted)).

In addition to the four factors discussed above, we also consider whether any aggravating or mitigating circumstances are present in determining the appropriate discipline. *Kleyman*, 960 N.W.2d at 572. Because the attorney must allege and prove mitigating factors, Bradley's "failure to file an answer to the petition means that there are no mitigating factors for us to consider." *Ulanowski*, 834 N.W.2d at 703–04. The Director advances two aggravating factors: lack of remorse and failure to participate in the public disciplinary proceedings. Under the present circumstances, we need not consider these aggravating factors. *See In re Lee*, 3 N.W.3d 278, 284 (Minn. 2024). "In the absence of any mitigating factors, misappropriation of client funds warrants disbarment." *Id.* Accordingly, we conclude that the appropriate discipline for Bradley is disbarment.

## CONCLUSION

For the foregoing reasons, respondent James V. Bradley is disbarred from the practice of law in the State of Minnesota, effective on the date of this opinion. Respondent must comply with Rule 26, RLPR (requiring notice to clients, opposing counsel, and tribunals), and must pay $900 in costs under Rule 24(a), RLPR.

Disbarred.

HENNESY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.