GOOCH MILLING & ELEVATOR COMPANY, APPELLEE, V.
CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY,
APPELLANT.

FILED FEBRUARY 15, 1923.    No. 22217.

1. **Appeal:** INSTRUCTIONS. An erroneous instruction, not prejudicial to
   the complaining party, will not justify a reversal of the judgment.

2. **Statutes:** CONTINUITY. The simultaneous repeal and reenactment
   of a law has the effect of continuing the uninterrupted operation
   of the statute.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Affirmed.*

*Byron Clark, Jesse L. Root, J. W. Weingarten,* and
*Reavis & Beghtol,* for appellant.

*Albert S. Johnston* and *Claude S. Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and
GOOD, JJ., RAPER and TROUP, District Judges.

GOOD, J.

This is an action to recover damages for failure of

defendant to deliver at destination a car-load of flour. Plaintiff had judgment, and defendant has appealed.

The shipment was received at Lincoln, Nebraska, September 28, 1914, and consigned to New York City. It was transported to Chicago, where a connecting carrier refused to take it. Defendant thereupon shipped the flour back to plaintiff at Lincoln. All of said flour was in good condition when returned to plaintiff. Previous to the shipment plaintiff had sold the flour to a customer in New York City for export, and had put it in sacks on which was printed the purchaser's private brand. To fill the order, plaintiff was compelled to purchase flour in New York City on the spot-cash market and to pay therefor a price of 70 cents a sack above the cost of the flour consigned, had it reached its destination. As plaintiff could not sell the flour returned, bearing the private brand of the purchaser, it was compelled to unload the flour and resack it at an expense of $25. Plaintiff had paid $8.33 as a part payment of freight on the original shipment. The facts are not in dispute.

The appellant first insists that the court erred in giving instruction No. 8, which, in effect, directed the jury to allow the plaintiff such sum as would equal the difference between the market value of the flour at Lincoln and of the same kind of flour at New York City, plus any expense, resulting from the negligence of the defendant, which plaintiff had incurred. It is true, as insisted by appellant, that the instruction does not fix any time for determining the value of the flour at the respective places, but, as all the evidence related to the time of the shipment, we are unable to say that appellant was prejudiced by the instruction.

Appellant further insists that there is no such thing as a rule of damages which takes as its measure the difference in value of two articles, at the same time, at different places. As an abstract proposition of law, this may be correct, but it is evident from the record that, because of the failure of defendant to deliver the flour

at its destination, plaintiff was compelled to purchase other flour instead, at an advance of 70 cents a sack.

Appellant further contends that the shipment was made under a bill of lading which, *inter alia*, provided: "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill cf lading"—and insists that under this clause in the bill of lading it was error to give any instruction relating to the measure of damages, except one based upon the value of the flour at the time and place of shipment, as provided in the bill of lading, and cites, in support of its contention, *New York, P. & N. R. Co. v. Peninsula Produce Exchange*, 240 U. S. 34. We have carefully examined this decision of the supreme court of the United States, and, in our opinion, it is not an authority sustaining appellant's contention. In effect, it holds that the clause is a limitation upon the amount that may be recovered. The evidence discloses that the value of the flour at Lincoln, Nebraska, was largely in excess of the amount recovered. The uncontradicted evidence shows that plaintiff was damaged in a sum slightly in excess of the amount of the verdict, and, if the eighth instruction was erroneous, it was without prejudice to the appellant. An erroneous instruction, not prejudicial to the party complaining, does not justify a reversal of the judgment.

Appellant also complains of the trial court in allowing the plaintiff an attorney's fee of $50, and asserts that there is no statutory authority for the allowance of such fee. It is conceded that section 6063, Rev. St. 1913, authorizes the allowance of such fee, but this statute was repealed in 1919 and reenacted by the same act (Laws 1919, ch. 134), and now appears as section 5422, Comp. St. 1922. Appellant insists that the repeal of section 6063 without a saving clause prevents a re-

covery under that section, and that the new section 5422, Comp. St. 1922, not having been enacted until after the filing of the claim, no allowance can be made thereunder. We are unable to agree with this contention. Section 6063, Rev. St. 1913, was reenacted by the enactment of chapter 134, Laws 1919. It has been frequently held by this court that the simultaneous repeal and reenactment of a law has the effect of continuing the uninterrupted operation of the statute. *State v. McColl,* 9 Neb. 203; *State v. Bemis,* 45 Neb. 724; *Quick v. Modern Woodmen of America,* 91 Neb. 106; *Bauer v. State,* 99 Neb. 747; *Schneider v. Davis, ante,* p. 638.

On appellee's application, it is allowed the sum of $50 for attorney's fees in this court.

No reversible error being apparent, the decision of the district court is

AFFIRMED.