FRANK J. SULLIVAN ET AL., APPELLEES, V. CITY OF OMAHA,
APPELLANT.

19 N. W. 2d 510

FILED JUNE 29, 1945.   No. 31929.

*Harold C. Linahan, G. H. Seig, Edward F. Fogarty,* and *Edward Sklenicka,* for appellant.

*Rosewater, Mecham, Shackelford & Stoehr,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action instituted by 17 members of the Omaha fire department against the city of Omaha, seeking a declaratory judgment as to the rights of the parties under an amendment to the home rule charter of the city and a statute enacted by the legislature of the state subsequent thereto. From an adverse judgment the city appeals.

The city of Omaha is admittedly a city of the metropolitan class. On July 18, 1922, it adopted its home rule charter pursuant to section 5, art. XI, Nebraska Constitution. The home rule charter contained provisions relative to pensions for firemen, identical in form and substance with existing state statutes on that subject. In a discussion of this situation this court said that as to the city of Omaha, the legislative act of 1921 "lost its qualities as a statutory charter or law imposed by the sovereign power of the state, and in lieu thereof, by virtue of an explicit constitutional grant, its terms then existing became a home rule charter created and to be thereafter continued in force at the will of the grantee municipality lawfully expressed, every section of which was expressly made subject to its own lawful amendments." *Munch v. Tusa,* 140 Neb. 457, 300 N. W. 385. The foregoing case further held that "To construe the terms of the Omaha home rule charter as precluding amendment because of its existence in statutory form is to invalidate the constitutional amendment so providing." The effect of this decision is that amendments to the Omaha home rule charter are valid, even though they may conflict with the state statute in existence and incorporated into the home rule

charter at the time of its adoption. In other words, even though a subsequent amendment to the home rule charter may involve a matter of state-wide concern, the field will not be deemed to have been occupied by legislative act unless such act came into existence after the adoption of the home rule charter.

This was the situation existing when the electors of the city of Omaha amended their home rule charter with reference to firemen's pensions at an election held on May 12, 1942, it becoming effective on June 30, 1942. In a case involving members of the police force and the city of Omaha, growing out of the adoption of an amendment to the home rule charter of the city of Omaha at the same time and in the same form as the amendment presently being considered, we said: "For the reasons stated herein it is held that the pension rights of these plaintiffs are to be determined by the charter provisions of the defendant city which became effective at midnight June 30, 1942." *Lickert v. City of Omaha,* 144 Neb. 75, 12 N. W. 2d 644. We think that the same holding applies in the present case in the absence of further applicable legislative action. The state legislature, however, adopted an act relative to firemen's pensions, generally referred to as L. B. 327 (Laws 1943, ch. 92, appearing as ch. 35, art. 2, R. S. 1943), which became effective on May 28, 1943. The question to be here determined is whether the subsequent statute, if valid, occupies the field and takes precedence over the Omaha home rule charter or any amendment thereto. If L. B. 327 changes the pension rights of firemen in cities of the metropolitan class and occupies the field of firemen's pensions in metropolitan cities, it is clear that it takes precedence over the Omaha home rule charter or any amendment thereto. This conclusion is required under the previous holdings of this court. In *Axberg v. City of Lincoln,* 141 Neb. 55, 2 N. W. 2d 613, we said: "We conclude that pensions for superannuated and disabled firemen are matters of state-wide concern and that a statute providing for their payment applies to cities governed by home rule charters the same as other cities in the

designated class." In the discussion of this question in the opinion in that case we also said: "The purpose of the home rule charter provision of the Constitution was to render the cities adopting such charter provisions as nearly independent of state legislation as was possible. Under it a city may provide for the exercise of every power connected with the proper and efficient government of the municipality where the legislature has not entered the field. Where the legislature has enacted a law affecting municipal affairs, but which is also of state concern, the law takes precedence over any municipal action taken under the home rule charter." The reasoning of this holding is just as applicable to cities of the metropolitan class as those of the first class. Consequently, if the legislative act, L. B. 327, effective May 28, 1943, is a valid enactment occupying the field formerly occupied by the home rule charter and its amendments, it would take precedence over conflicting provisions of the home rule charter and its amendments where, as here, a matter of state-wide concern is involved.

The city of Omaha contends that the legislative act, L. B. 327, is violative of section 14, art. III of the Nebraska Constitution providing: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." The title to the act in question is as follows: "AN ACT relating to pensions for firemen; authorizing every city of the first class which has adopted, or which may hereafter adopt, a charter for its own government, as provided by Article XI of the Constitution of Nebraska, to provide by charter and establish pensions or a retirement system or systems for its municipal employees, subject to statutory minimum standards as to firemen and other provisions and conditions relating thereto; to amend sections 35-201, 35-202, and 35-203, Compiled Statutes of Nebraska, 1929; to repeal the original sections; and to declare an emergency." Laws 1943, ch. 92, p. 313.

The body of the act is in part as follows: "All metropolitan cities and cities of the first class having a paid fire department, except any city of the first class that has hereto-

fore adopted or may hereafter adopt a charter for its own government * * * shall pension all firemen of the paid fire department, * * * ." The act which it purported to amend contained the following language: "All metropolitan cities, and cities of the first class having a paid fire department, * * * shall pension all firemen of the paid fire department * * * ." Comp. St. 1929, sec. 35-201. It will be observed that L. B. 327 is amendatory of the former act. No change is made in the amended act in so far as metropolitan cities are concerned. The amendatory act merely provides that the law as to firemen's pensions shall remain the same as it was in so far as metropolitan cities and cities of the first class having a paid fire department are concerned except those cities of the first class which have adopted a home rule charter. The amendatory act then proceeds by including new sections to provide for firemen's pensions in cities of the first class having a paid fire department which has or may hereafter adopt a home rule charter. It is evident that the amendatory statute affects certain designated cities of the first class only and that the position of a metropolitan city was in no way changed by its enactment. In this respect it will be noted that the title to L. B. 327 is broad enough to cover the matter of firemen's pensions in cities of the first class which have adopted, or which may hereafter adopt, a charter for its own government. This meets all constitutional requirements.

In *Nebraska Central Bldg. & Loan Assn. v. Yellowstone, Inc.*, 141 Neb. 679, 4 N. W. 2d 762, we said: "The title to a legislative act is a part thereof. *Wayne County v. Steele*, 121 Neb. 438, 237 N. W. 288. And where the title to the amendatory act sufficiently indicates the nature of the legislation in it contained or the nature of the changes or additions by it made, it is immaterial whether or not the provisions of the act are covered by the title of the act amended."

In *Miller v. Iowa-Nebraska Light & Power Co.*, 129 Neb. 757, 262 N. W. 855, we said: "In determining whether an act amending a previous act of the legislature is broader

than its title, the court will consider the titles to both the amending and the amended acts." In the body of the opinion we quoted the following from 59 C. J., sec. 400, p. 819, with approval: " * * * where the title of an amendatory or supplemental act sufficiently indicates the nature of the legislation in it contained, or the nature of the changes or additions by it made, it is immaterial whether or not the provisions of the act are covered by the title of the act amended or supplemented." .

We conclude, therefore, that L. B. 327, being an amendatory act whose title indicates the nature of the changes and additions by it made, meets the requirements of section 14, art. III of the Constitution, and that it is immaterial whether or not the provisions of the title to the amendatory act contain other provisions which are covered by the title of the act amended or supplemented.

It is then urged that as L. B. 327 is in all respects constitutional, it has the effect of occupying the field as to firemen's pensions in metropolitan cities and therefore supersedes the provisions of the home rule charter and its amendments relating to firemen's pensions. We do not think that the act has any such effect in the present case. It must be borne in mind that L. B. 327 was an amendatory act which did not purport to deal with, change or supplement the provisions of the former act relating to firemen's pensions in metropolitan cities. Consequently, L. B. 327 had the effect of simultaneously repealing and reenacting that part of the statute relating to firemen's pensions in metropolitan cities. Under such circumstances we have many times held that such an act has the effect of continuing the uninterrupted operation of the statute amended.

In *Gooch Milling & Elevator Co. v. Chicago, B. & Q. R. Co.*, 109 Neb. 693, 192 N. W. 231, we said: "It has been frequently held by this court that the simultaneous repeal and reenactment of a law has the effect of continuing the uninterrupted operation of the statute."

In *Schneider v. Davis*, 109 Neb. 638, 192 N. W. 230, we said: "The act of 1919 added the following words to the

statute: 'And in the event an appeal be taken and the plaintiff shall succeed, such plaintiff shall be entitled to recover an additional attorney fee to be fixed by such court or courts.' This was the only change made. The simultaneous repeal and reenactment of all the other provisions of the law had the effect to continue the uninterrupted operation of the statute."

In *Bauer v. State*, 99 Neb. 747, 157 N. W. 968, we said: "The rule seems to be that the simultaneous repeal and reenactment of the statute in terms, or in substance, is a mere affirmance of the original act, and not a repeal in the strict or constitutional sense of the term." See, also, *Stenberg v. State*, 50 Neb. 127, 69 N. W. 849; *State ex rel. Churchill v. Bemis*, 45 Neb. 724, 64 N. W. 348.

It will be noted that there is no conflict or inconsistency with the original act contained in L. B. 327. It clearly appears from the scope and purpose of the amendatory statute that there was no legislative intent to in any manner change the effect of the amended statute as it applied to firemen's pensions in metropolitan cities. Where a new act is in the very words of the statute which it repeals, and it is clear that the repeal and reenactment were intended to continue in force the uninterrupted operation of the old statute in the respects in which it was not modified or supplemented, the effect of the acts will be so construed and the amended act will be given the same effect as it had before with respect to the parts of the old statute that were retained in the new one.

In giving effect to this view we arrive at the conclusion that L. B. 327 indicates no intent on the part of the legislature to occupy the field of firemen's pensions in metropolitan cities, but rather to affirm and retain the identical position and effect that it had before L. B. 327 was enacted.

The firemen urge that the home rule charter amendment effective June 30, 1942, is unconstitutional for the following reasons: (1) Because it violates section 18, art. III of the Nebraska Constitution in that it is not uniform as to class in that it deducts unequal percentages of the wages of firemen of the city of Omaha from the second, third and pro-

bationary classes and the officers as compared with firemen of the first class; (2) because it violates sections 1 and 6, art. VIII of the Constitution of Nebraska, providing for uniformity of levy of taxes and exactions in a class; (3) because it deprived the firemen of property without due process of law contrary to section 3, art. I, Constitution of Nebraska; and (4) because the Omaha home rule charter amendment conflicts with state statutes enacted prior to the adoption of the Omaha home rule charter and with a legislative enactment effective subsequent to the adoption of the home rule charter amendment effective June 30, 1942.

The first three points above set forth are fully and completely answered in the case of *Lickert v. City of Omaha,* *supra.* We adhere to the conclusions reached in that opinion and conclude that constitutional objections Nos. 1, 2 and 3 are without merit on the authority of that decision. Objection No. 4 is without merit for the reasons heretofore determined in this opinion.

We conclude that L. B. 327, effective May 28, 1943, (Laws 1943, ch. 92, p. 313; R. S. 1943, secs. 35-201 to 35-214, inclusive) is constitutional on all issues presented by this appeal; that, under the rule applicable to the simultaneous repeal and enactment of statutes, it does not in any respect change the act amended as it relates to firemen's pensions in metropolitan cities; nor does it have the effect of occupying such field so as to supersede the effect of the home rule charter and its amendments relating thereto. The home rule charter amendment involved in this suit is held constitutional as to all questions raised by this appeal and as a result the rights of plaintiff firemen are determinable from such charter amendment until it is repealed, or until such time as the legislature may by legislative enactment, evidencing an intent to so do, occupy the field of firemen's pensions in metropolitan cities.

The judgment of the district court is reversed and remanded with directions to enter a judgment in accordance with this opinion.

REVERSED, WITH DIRECTIONS.

Yeager, J., participating on briefs.

The following opinion on motion for rehearing was filed January 25, 1946. *Rehearing denied.*

CARTER, J.

The motion for a rehearing filed after the adoption of our previous opinion in this case, *ante* p. 297, 19 N. W. 2d 510, raises questions which warrant a supplemental opinion. We will consider them in the order in which they are raised in the brief in support of the motion.

It is first contended that the rule of simultaneous repeal and reenactment which was applied in the former opinion has no application to the case for the reason that we had previously held in *Munch v. Tusa*, 140 Neb. 457, 300 N. W. 385, that "All provisions previously existing, including all of article III, ch. 23, Rev. St. 1913, so far as applicable to cities of the metropolitan class, were by it superseded and in effect repealed." Appellees assume from this language that the statute then existing was repealed. The adoption of the home rule charter by the city of Omaha could not operate as a repeal of a state statute. This appears axiomatic to us. We said in *Munch v. Tusa, supra*, and correctly we think, that the adoption of the home rule charter superseded and in effect repealed the existing statute. By the adoption of the home rule charter by the city of Omaha the existing statute no longer controlled, but it was not repealed. It remained applicable to any other metropolitan city within the class and, in addition thereto, to the city of Omaha in the event its relative charter provisions were repealed. We reiterate, therefore, that the action taken by the legislature in repealing sections 35-201, 35-202, and 35-203, Comp. St. 1929, and the enactment of L. B. 327, (Laws 1943, ch. 92) constituted the repeal of a valid and effective legislative act and the reenactment in identical terms of the constitutional portions of the act applicable hereto as stated in our former opinion.

It is further urged that sections 35-201, 35-202, and 35-203, Comp. St. 1929, were unconstitutional by virtue of our holding in *Axberg v. City of Lincoln*, 141 Neb. 55, 2 N. W.

2d 613. This is correct, but appellees overlook the fact that the invalidation of sections 35-201, 35-202, and 35-203, Comp. St. 1929, left in effect sections 2439, 2440, and 2441, Comp. St. 1922, which was reenacted in terms and substance in L. B. 327. The rule of simultaneous repeal and reenactment is therefore no less operative because of our holding in the Axberg case and the use of sections 35-201, 35-202, and 35-203, Comp. St. 1929, rather than sections 2439, 2440, and 2441, Comp. St. 1922, in the repealing clause. This view is sustained by the previous holdings of this court. In *State v. City of Kearney*, 49 Neb. 325, 68 N. W. 533, we said: "It has been held by this court that where the amendment to a statute is plain, and the intention of the legislature is so distinctly pointed out that there is no difficulty in ascertaining to what law it was intended to apply, it will not be held invalid merely because the section number of the original law and the amendment are apparently somewhat confusing." A very similar situation arose to which identical objections were advanced as here in *Cass County v. Sarpy County*, 63 Neb. 813, 89 N. W. 291, wherein the court said: "In 1881 the legislature passed and the governor approved a measure entitled 'A bill for an act to amend section 88, of an act to amend chapter 47, of the Revised Statutes of 1866, entitled "Roads," approved March 1st, 1879.' This measure did not include a clause expressly repealing the section mentioned, and was therefore void, but in the first and subsequent editions of the Compiled Statutes, until that of 1899, the section, in the form attempted to be given to it by the supposed act of 1881, was substituted for the valid section 88 of chapter 78. In 1899, an act was passed entitled 'An act to amend section 88, chapter 78, Compiled Statutes of Nebraska of 1897, and to repeal said original section.' It is argued by counsel for defendant in error that this last act is an attempt to amend the void measure of 1881, and that it is therefore itself void. For the reason already given, this contention can not be upheld. The supposed act of 1881 and the above-mentioned error in the publication of the Compiled Statutes were each and

both wholly ineffectual for any purpose, and the act of 1899, having an appropriate title and being otherwise in due form, is the first and only amendment of section 88 of the act of 1879. It can not be inferred that the legislature were ignorant of the invalidity of the attempted amendment of 1881, and supposed that they were amending a measure to which they made no reference, rather than the 'original section,' which they accurately described." When L. B. 327 was enacted for the purpose of amending sections 35-201 to 35-203, inclusive, Comp. St. 1929, followed by the repeal of the old sections amended, the amending statute simply designated the place where the existing and constitutionally effective language might be found which it specifically attempted to amend. Consequently, L. B. 327 did not simultaneously repeal and reenact an unconstitutional statute, although it had the apparent appearance of having done so.

Appellees urge that we were in error in assuming that the constitutional questions raised were answered in the case of *Lickert v. City of Omaha*, 144 Neb. 75, 12 N. W. 2d 644. We concede at the outset that the Lickert case did not decide constitutional questions. It did determine the nature of the deductions from base pay authorized by the 1942 charter amendment in such a way as to destroy the basis for appellees' constitutional objections. It is contended that the charter amendment violates constitutional provisions requiring uniformity as to class; requiring uniformity of levies, taxes, and exactions in respect to persons and property; in that it denies equal rights; and in that it violates the due process clause. It is also urged that the charter amendment violates the Fourteenth Amendment to the Constitution of the United States because it abridges the privileges and immunities of plaintiffs and the due process and equal protection provisions of that amendment.

In the Lickert case we held that the deduction of one dollar a month from the base pay of all policemen for the creation of a pension fund under a similar statute constituted a determination of the net amount of compensation to be paid monthly. The right to a pension was held to be a part of the

compensation paid and did not constitute a gratuity. Consequently, it is not a tax or exaction within the meaning of the constitutional prohibition. We know of no case holding that equal contributions to a pension fund, irrespective of differences in base pay, are violative of cited constitutional provisions. Appellees cite cases in support of their contention that are not in point. *Templar v. State Board of Examiners of Barbers,* 131 Mich. 254, 90 N. W. 1058, holds that a barber's license law which denies a license to any alien violates the equal protection clause. In *State v. Montgomery,* 94 Me. 192, 47 A. 165, it was held that a statute authorizing a peddler's license to be issued to any citizen of the United States who is of good moral character is violative of the equal protection clause in that it discriminates against aliens. *State of Oregon v. Standard Oil Co.,* 61 Ore. 438, 123 P. 40, was a case involving alleged statutory discrimination between resident and nonresident corporations dealing in petroleum products. The statute was held not violative of the equal protection provision of the Fourteenth Amendment. *Santa Clara County v. Southern Pacific R. Co.,* 118 U. S. 394, 18 L. Ed. 1132, 30 S. Ct. 118, was a case in which the plaintiff sought judgment for the entire tax upon an assessment of different kinds of property as a unit, including property not legally assessable and not separable from the other part. The defendant was held not liable partly on the theory that it was entitled to the equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States. We fail to find any reasoning in the foregoing cases which supports the contentions of the appellees in the present case. We think that appellees as firemen in a metropolitan city constitute a reasonable classification of persons for purposes of legislation concerning them. The fact that their contribution to the pension fund set up for their benefit is placed on a fixed basis rather than on a percentage of earnings is not of itself violative of either state or federal constitutional prohibitions. We think the rule announced in *State ex rel. Taylor v. Hall,* 129 Neb. 669, 262 N. W. 835, cited by appellees, does not

conflict with our holding in the present case. The effect of that decision is that members of a class cannot be discriminated against. We hold that firemen in a metropolitan city constitute a class. Contributing a fixed amount each month to a pension fund set up for their benefit, which is held to constitute deferred compensation, does not of itself constitute want of due process, equal protection, or lack of uniformity. The charter amendment meets all constitutional requirements and is, therefore, valid.

We are convinced of the correctness of the conclusion reached in our former opinion. The former opinion as supplemented herein is adhered to and the motion for a rehearing is overruled.

REHEARING DENIED.