LOST CREEK DRAINAGE DISTRICT OF KEARNEY COUNTY, NEBRASKA, A PUBLIC CORPORATION, ET AL., APPELLANTS. V. DEAN KRING, ET AL., APPELLEES.

227 N. W. 2d 421

Filed April 3, 1975. No. 39728.

Meier & Adkins, for appellants.

Nye, Wolf & Hervert, for appellees.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, CLINTON, and BRODKEY, JJ., HASTINGS, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The Lost Creek Drainage District of Kearney County, Nebraska, hereinafter referred to as the "District," and the individual members of its board of supervisors filed an action against various individuals and members of a class of landowners within said District. The petition alleged that appellees had filed a petition for a special election of all members of the board of supervisors of said District under section 31-306, R. R. S. 1943; that said statute was unconstitutional; and prayed for a declaratory judgment of unconstitutionality and a denial of the special election. Upon trial, the District Court for Kearney County entered judgment holding the act constitutional and ordered that a special election be held thereunder. This appeal follows.

The following statutory provisions are involved:

"Within thirty days after the district court shall have

declared any drainage district organized, the clerk of the court shall, upon fifteen days' notice, call a meeting of the owners of the real estate situated in the district, at the day and hour specified, in some public place in the county in which the district was organized, for the purpose of electing a board of five supervisors to be composed of owners of real estate in the district and a majority of whom shall be residents of the county or counties in which such district is situated. At such election every acre of land shall represent one share and each owner shall be entitled to one vote for every acre of land owned by him in such district. The five persons receiving the highest number of votes shall be declared elected as supervisors, and they shall immediately, by lot, determine their terms of office, which shall be respectively, one, two, three, four and five years, and until their successors are elected and qualified; *Provided, however,* at any time thereafter not oftener than once in twelve months, upon the petition of the owners of at least twenty percent of the land acreage within the drainage district, an election shall be called for the selection of a new board, and upon the filing of such petitions with the secretary of the board, notice of such election shall be given by the secretary in the same manner and for the same time as is provided for at the original election under the notice given by the clerk of the district court. Special elections shall in all respects be governed by the provisions applicable to the regular election herein provided for." § 31-306, R. R. S. 1943.

"Every year after the election of the first board of supervisors, at such time and place in the county in which the district was organized as the board of supervisors may designate, and upon not less than fifteen days' notice, unless waived in writing, such owners shall meet and elect one supervisor in the same manner as provided in section 31-306, who shall hold his office for five years and until his successor is elected and quali-

fied. Notice may be given by personal service or by publication for two weeks in a newspaper in each county in the district and of general circulation therein, which notice shall be sufficient if it notifies the landowners of the district without naming them individually of the time, place, and purpose of the meeting. The secretary of the board shall mail to the last-known post-office address of each owner of land in the district a copy of a published notice. In case of a vacancy in any office of supervisor, the remaining supervisors may fill such vacancy until the next annual election when a successor shall be elected for the unexpired term." § 31-307, R. R. S. 1943.

Appellants contend that the portion of section 31-306, R. R. S. 1943, beginning with the words "*Provided, however,*" and continuing to the end of the section, inserted therein by Laws 1911, c. 144, § 1, p. 476, is unconstitutional in two respects: (1) The subject of the amendment is not properly referred to in the title of the act; and (2) the amendment is not germane to the original section. The statute has not been amended since 1911; it appears in R. S. 1913, as section 1801, and in R. S. 1943, as section 31-306. The original title was not reenacted in either revision. Appellants argue that the provisions of Article III, section 14, Constitution of Nebraska, were not met and that the title of the amendatory act did not refer to both of the sections above quoted. It is immaterial whether the title of the amendatory act was proper, since the provision has been reenacted by legislative revision. Reference to or consideration of the title of the original bill will not be made in a present determination of the constitutionality of the act. McGraw Electric Co. v. Lewis & Smith Drug Co., Inc., 159 Neb. 703, 68 N. W. 2d 608; Peterson v. Vasak, 162 Neb. 498, 76 N. W. 2d 420.

Appellants next contend that the 1911 amendment was not germane to the original section, arguing that a recall by special election is entirely distinct from the initial

election of supervisors. In Wayne County v. Steele, 121 Neb. 438, 237 N. W. 288, it is stated: "The test of the propriety of the substance of amendments is whether they are germane to the provisions sought to be amended. 'Germane' is defined by Webster's New International Dictionary as 'Near akin; closely allied; appropriate; relevant.' "

The original section set forth the procedure for the election of a full board of supervisors at the time of the organization of the District. The amendment involves the utilization of the same procedure when the voters determine to replace the entire board. Section 31-307, R. R. S. 1943, on the other hand, provides for the election of successors to individual supervisors, whose terms are expiring or who have been appointed to fill vacancies. If the amendment had been appended to section 31-307, R. R. S. 1943, numerous cross-references to section 31-306, R. R. S. 1943, would have been required to express the same legislative plan, e.g., as to the notice of election, the casting of votes, and the allocation of terms of office to the newly elected supervisors. The relationship between the original section 31-306, R. R. S. 1943, and the provision inserted by amendment is entirely germane when these aspects are considered.

The determination by the trial court that the 1911 amendment to section 31-306, R. R. S. 1943, was constitutional is correct.

AFFIRMED.